NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROBERT QUIROZ, | ) | No. C 05-2938 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; ORDER |
| vs. | ) | DIRECTING DEFENDANTS TO |
| | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| ROBERT A. HOREL, et. al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Plaintiff has filed an amended complaint and a second amended complaint. The Court will order service of the second amended complaint on the named Defendants.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. §

1  1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
2  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law.  See West v.
6  Atkins, 487 U.S. 42, 48 (1988).
7  **B.**    **Plaintiff's Claims**
8        Plaintiff alleges that prison officials failed to provide adequate medical care for his liver
9  condition and failed to notify him of his Hepatitis C condition.  The Court finds that Plaintiff's
10 allegations, liberally construed, state a cognizable claim that Defendants Winslow, Astoria,
11 Milliman, and Horel violated his Eighth Amendment rights by acting with deliberate
12 indifference to his serious medical needs.
13       Plaintiff alleges that Defendants Hernandez and Marquez deprived him of his personal
14 property, an address book, because it allegedly contained names of gang members.   Plaintiff
15 claims that he was not given a hearing or notified of any rules violation for possession of this
16 property and that the property was never returned to him.  The Court concludes that Plaintiff has
17 alleged a cognizable procedural due process claim under the Fourteenth Amendment that
18 Defendants Marquez, Hernandez, and Horel deprived him of his personal property pursuant to an
19 authorized state procedure, but without any hearing.
20       Plaintiff also has alleged a state tort claim of negligence, a due process claim and an
21 equal protection claim pursuant to the California Constitution.  The federal supplemental
22 jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all
23 other claims that are so related to claims in the action within such original jurisdiction that they
24 form part of the same case or controversy under Article III of the United States Constitution.'"
25 28 U.S.C. § 1367(a).  Liberally construed, plaintiff's allegations satisfy the statutory
26 requirement.  Accordingly, the Court will exercise supplemental jurisdiction over plaintiff's state
27 law claims.
28 ///

1  ///

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint in this matter (docket no. 9), all attachments thereto, and a copy of this order upon: **Robert A. Horel, Pelican Bay State Prison Warden; Dwight Winslow, Chief Medical Officer and Health Care Manager at Pelican Bay State Prison; Dr. Astorga, Staff Physician and Chief Medical Officer at Pelican Bay State Prison; Mr. Milliman, New Folsom State Prison Medical Department; Lieutenant Robert Marquez at Pelican Bay State Prison; and Correctional Officer Hernandez at Pelican Bay State Prison.** The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint as set forth above.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

///

1         a.    In the event Defendants file an unenumerated motion to dismiss under

2 Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

      The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

9         b.    In the event Defendants file a motion for summary judgment, the

10 Ninth Circuit has held that the following notice should be given to Plaintiffs:

      The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

      Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

21 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

22 Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

23 (1986) (holding party opposing summary judgment must come forward with evidence showing

24 triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

25 failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service; Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.jf\cr.05\Quiroz938srv     4

1 consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff
2 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
3 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4      4.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's
5 opposition is filed.

6      5.    The motion shall be deemed submitted as of the date the reply brief is due.  No
7 hearing will be held on the motion unless the Court so orders at a later date.

8      6.    All communications by the Plaintiff with the Court must be served on Defendants,
9 or Defendants' counsel once counsel has been designated, by mailing a true copy of the
10 document to Defendants or Defendants' counsel.

11     7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
12 No further Court order is required before the parties may conduct discovery.

13     8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 informed of any change of address and must comply with the Court's orders in a timely fashion.
15 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
16 Federal Rule of Civil Procedure 41(b).

17     IT IS SO ORDERED.

18 DATED: 11/9/07

      _____
19    JEREMY FOGEL
      United States District Judge

20
21
22
23
24
25
26
27
28

A copy of this ruling was mailed to the following:

Mark Robert Quiroz
C-50887
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA  95532-7500