NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROBERT QUIROZ, | ) | No. C 05-02938 JF (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| ROBERT A. HOREL, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 30) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action on July 19, 2005, pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials. Before responsive pleadings had been served, Plaintiff filed a first amended complaint on August 11, 2005, and a second amended complaint on November 13, 2006. Finding the second amended complaint[1], liberally construed, stated cognizable claims, the Court ordered service upon Defendants Warden Robert A. Horel, Dr. Dwight Winslow, Dr. Astorga, Mr. Milliman, Lieutenant Robert Marquez, and Officer Hernandez at PBSP. Defendants filed a motion to dismiss the second amended complaint

---

[1] The second amended complaint is the operative complaint in this action.

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.05\Quiroz938_grant-mtd (exh).wpd         1

on numerous grounds, including failure to exhaust administrative remedies. (Docket No. 30.) Plaintiff filed file an opposition, and Defendants filed a reply. The Court will now consider the merits of the motion.

## DISCUSSION

A.    Exhaustion of Administrative Remedies

Plaintiff alleges that Defendants Winslow, Astoria, Milliman, and Horel failed to provide adequate medical care for his liver condition and failed to notify him of his Hepatitis C condition, which amounts to acting with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendants argue that these medical claims must be dismissed because Plaintiff failed to properly exhaust his administrative remedies with respect to these claims.

1.    Standard of Review

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means

proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted). Accordingly, the filing of an untimely grievance or appeal is not proper exhaustion. See id. at 92. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 87; see also Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require); Ross v. County of Bernalillo, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate

that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

2. Legal Claims and Analysis

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies with respect to the medical claims. Defendants cite three inmate appeals submitted by Plaintiff relating to treatment for Hepatitis C: nos. 04-03156, 06-00965, and 06-01645. Defendants allege that Plaintiff failed to properly exhaust these inmate appeals before filing the instant complaint, and therefore this action should be dismissed for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Defendants have provided the declarations of William Barlow, the Litigation Coordinator at PBSP, N. Grannis, the Chief of the Inmate Appeals Branch, and Chris Wilber, the Inmate Appeals Coordinator at PBSP, sufficient to show that Plaintiff did not properly exhaust any of the three inmate appeals before filing the instant action.

a. Inmate Appeal No. 04-03156

On November 2, 2004, Plaintiff filed inmate appeal no. 04-03156, in which he claims that after he reviewed his medical file on October 6, 2004, he "became aware that the Prison Medical Department failed to inform [Plaintiff] of proper 'positive' test results and failed to provide [Plaintiff] with adequate corrective medical treatment." (Decl. Wilber, Ex. B) (Docket No. 33). Plaintiff sought "to undergo any and all available current Hepatitis C treatment available." (Id.) Plaintiff's appeal was partially granted at the informal level on November 4, 2004, and Plaintiff was scheduled for an appointment

1  with a PBSP doctor.  Plaintiff was dissatisfied with the response, and filed the appeal with
2  the first formal level of review on November 9, 2004.  The first level review stated that
3  Plaintiff was "being treated appropriately and adequately for [his] condition and [Plaintiff
4  was] being provided all available treatment per current Hepatitis policy."  (Id.)  Plaintiff
5  appealed to the second level review, which partially granted the appeal in that Plaintiff's
6  condition would continued to be monitored closely "through the chronic care program"
7  and Plaintiff would "be provided with adequate and appropriate treatment for [his]
8  condition per policy and procedure."  (Id.)  Still dissatisfied, Plaintiff appealed to the
9  Director's level of review.  However, the appeal was screened out because Plaintiff failed
10  to submit the matter within fifteen working days.  (Decl. Grannis, Ex. A) (Docket No.
11  32).  Plaintiff claims in his opposition that he was prevented from filing a timely appeal
12  because the second level review was late in its response.  (Pl.'s Opp. 20) (Docket No. 43).
13  However, the delayed response did not foreclose Plaintiff from filing a timely appeal to
14  the Director's level.  The obligation to exhaust persists as long as some remedy is
15  available; when that is no longer the case, the prisoner need not further pursue the
16  grievance.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Plaintiff was
17  informed by the albeit delayed second level response that he could appeal to the
18  Director's level review.  He did so, but not in a timely manner.  (Decl. Grannis, Ex. A)
19  Accordingly, Plaintiff failed to properly exhaust his administrative remedies with respect
20  to this appeal.  See Ngo, 126 S. Ct. at 2386.
21              b.      Inmate Appeal No. 06-00965
22      On April 18, 2006, Plaintiff filed inmate appeal no. 06-00965 alleging that he was
23  experiencing medical problems related to his Hepatitis C and that he was not getting
24  proper medical attention.  (Decl. Wilber, Ex. B.)  Plaintiff requested a chronic care visit, a
25  liver biopsy, and to start "AVT" (drug therapy treatment).  (Id.)  Plaintiff's grievance was
26  granted on April 24, 2006, when he was scheduled for a chronic care visit for a doctor to
27  address Plaintiff's concerns.  Dissatisfied with the response, Plaintiff appealed on May 3,
28  2006 to the first level review, which issued its decision on June 26, 2006.  (Id.)  The first

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.05\Quiroz938_grant-mtd (exh).wpd             5

level response stated that Plaintiff had received a liver biopsy on May 25, 2006, and the results were still pending. (Id.) Thereafter, Plaintiff did not appeal the decision to the second level review or the Directors level. Plaintiff offers no evidence in opposition. It is clear that Plaintiff did not properly exhaust this appeal at the time he filed the amended complaint.

        c.      Inmate Appeal No. 07-01656

Plaintiff filed inmate appeal no. 07-01656 on June 20, 2006, seeking another liver biopsy and/or a recombinant immunoblot assay because he was skeptical that his newest liver biopsy indicated that his condition had improved. (Decl. Wilber, Ex. C.) The informal level denied the appeal, stating that the Hepatitis C virus did not damage Plaintiff's liver as it might in other people and that the report by the doctor who performed the liver biopsy was thorough and accurate. (Id.) Plaintiff appealed to the first formal level, seeking confirmation by a doctor of the likelihood that his liver had healed itself. (Id.) The first level review interviewed Plaintiff and referred the matter to the Hepatitis C Committee for review. The Committee agreed that Plaintiff's liver biopsy results reflected that Plaintiff's condition had not worsened. (Id.) The first level review partially granted the appeal, and Plaintiff was scheduled to meet with Nurse Practitioner S. Risenhoover to go over the recommendations of the Hepatitis C Committee and the blood work done on August 18, 2006. (Id.) Plaintiff submitted the grievance to the second level review where it was determined that Plaintiff's condition had not worsened but had in fact improved. (Id.) The Director's level denied Plaintiff's request for another liver biopsy and determined that Plaintiff's medical concerns were being adequately addressed by PBSP. (Id.) The appeal was exhausted on December 13, 2006. Plaintiff filed his original complaint on July 19, 2005, and a second amended complaint on November 13, 2006. An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where

administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Because this appeal was exhausted after Plaintiff had already filed suit, it is clear that he did not properly exhaust the appeal at the time he filed the action. Plaintiff offers no evidence in opposition. Accordingly, this Court finds that Plaintiff did not properly exhaust this appeal at the time he filed the amended complaint. McKinney v. Carey, 311 F.3d at 1199.

Plaintiff failed to exhaust administrative remedies for his claim of deliberate indifference to serious medical needs at the time he filed the second amended complaint. Plaintiff did not properly exhaust inmate appeal no. 04-03156, which was screened out as untimely at the Director's Level, nor did he complete all levels of review for inmate appeal no. 06-00965, not having sought second level or Director's level review. Finally, inmate appeal no. 0601645 was exhausted on December 13, 2006, which was after Plaintiff filed the second amended complaint on November 13, 2006. Plaintiff did not exhaust this third appeal at the time he filed the second amended complaint. Because Plaintiff failed to exhaust his administrative remedies with respect to his medical claims, Defendants' motion to dismiss the medical claims is GRANTED. See 42 U.S.C. § 1997e(a). The medical claims against Defendants Winslow, Astoria, Milliman, and Horel are DISMISSED without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted. Wyatt, 315 F.3d at 1120.

Because the Court finds Plaintiff failed to exhaust administrative remedies, it is not necessary to reach the issues of qualified immunity or supervisor liability. Nor is it necessary for the Court to reach Defendants' untimeliness argument raised for the first time in their Reply. (Docket No. 51.)

B. Procedural Due Process

Plaintiff alleges that Defendants Hernandez and Marquez violated procedural due process in confiscating his personal property, an address book, as contraband because it contained names of gang members. Plaintiff claims that he was not given a hearing or

1  notified of any rules violation for possession of this property and that the property was
2  never returned to him.
3        Ordinarily, due process of law requires notice and an opportunity for some kind of
4  hearing prior to the deprivation of a significant property interest. <u>See</u> <u>Memphis Light,
5  Gas & Water Div. v. Craft</u>, 436 U.S. 1, 19 (1978).  Neither the negligent nor intentional
6  deprivation of property states a due process claim under § 1983 if the deprivation was
7  random and unauthorized, however. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44 (1981)
8  (state employee negligently lost prisoner's hobby kit), <u>overruled in part on other grounds</u>,
9  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533
10 (1984) (intentional destruction of inmate's property).  The availability of an adequate
11 state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
12 sufficient procedural due process. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 128 (1990)
13 (where state cannot foresee, and therefore provide meaningful hearing prior to,
14 deprivation statutory provision for post-deprivation hearing or common law tort remedy
15 for erroneous deprivation satisfies due process); <u>King v. Massarweh</u>, 782 F.2d 825, 826
16 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation
17 remedy. <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't
18 Code §§ 810-895).
19       Defendants argue that the taking of the address book was random and
20 unauthorized, and therefore Plaintiff is precluded from federal relief because there is an
21 adequate state post-deprivation remedy by way of a state tort action. (Defs.' Mot. 11.)
22 Plaintiff argues that the taking was pursuant to an established procedure and therefore is
23 not random or unauthorized. (Pl.'s Opp. 22-23.)  In support of this argument, Plaintiff
24 alleges that since the prison officials did not issue a rules violation report ("RVR") for
25 this act of misconduct, *i.e.*, possession of contraband, he was not afforded a pre-
26 deprivation hearing. (<u>Id.</u>)  This argument is without merit because prison officials are not
27 required to issue an RVR for every misconduct by a prisoner. (Defs.' Reply 9.)  Plaintiff
28 provides no other evidence to show that the deprivation was other than random and

unauthorized.  Accordingly, this claim must be dismissed because Plaintiff has an adequate state post-deprivation remedy, e.g., a state tort action, which precludes relief under § 1983.  See Zinermon, 494 U.S. at 128.  The claim against Defendants Hernandez and Marquez is DISMISSED.

In his opposition, Plaintiff claims, for the first time, that the deprivation of his address book violates his right to meaningful access to courts because without the address book, Plaintiff cannot access legal assistance or other inmates to pursue non-frivolous claims.  (Pl.'s Opp. 28-30.)  Defendants reply that Plaintiff has not sought leave of the Court to amend his complaint to include this claim, and therefore, the Court need not consider this new allegation.  (Defs.' Reply 9.)

To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-55 (1996).  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 354-55.  Plaintiff's claim does not include any allegation regarding the inadequacy of PBSP's legal access program nor does Plaintiff state any actual injury.  Accordingly, Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff amended his complaint twice, and did not raise the claim of access to courts in the original complaint or the first or second amended complaints.  Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. Weeks v. Bayer, 246 F.3d 1231, 1236-37 (9th Cir. 2001) (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).  Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.  See id.; see also Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981).  A

district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003). The Court will not give Plaintiff leave to amend his complaint to include this claim for lack of good cause to do so this late in the proceedings as Plaintiff has twice amended his complaint and permitting him to amend a third time would also cause undue delay.

C.   State Claims

The Court originally exercised supplemental jurisdiction over Plaintiff's state tort claim of negligence, a due process claim and an equal protection claim pursuant to the California Constitution pursuant to 28 U.S.C. § 1367(a), which provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" The Court now declines supplemental jurisdiction at this time because is has dismissed all claims over which it has original jurisdiction as discussed above pursuant to 28 U.S.C. § 1367(c)(3).[2] Accordingly, Plaintiff's state claims are dismissed without prejudice. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996).

///

///

---

[2] Supplemental state law claims must be dismissed when the district court has no underlying original jurisdiction over the federal claims. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806-07 (9th Cir. 2001) (where district court determined it lacked admiralty jurisdiction, it had no power to retain supplemental state law claims). This must be distinguished from the district court's discretionary authority to retain jurisdiction over state law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction. Id. at 806.

Dismissal of pendent state claims following dismissal of the related federal claims must be without prejudice. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996). But the district court need not provide any further explanation than that it is declining jurisdiction under § 1367(c)(3). San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998).

**CONCLUSION**

For the foregoing reasons, the motion to dismiss by Defendants Warden Robert A. Horel, Dr. Dwight Winslow, Dr. Astorga, Mr. Milliman, Lieutenant Robert Marquez, and Officer Hernandez is GRANTED. (Docket No. 30.) The claims against them are **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: 9/9/08

JEREMY FOGEL
United States District Judge